OPINION.
Following a jury trial, defendant-appellant Thomas Agnew was found guilty of assault in violation of R.C. 2903.13(A), obstructing official business in violation of R.C. 2921.31(A), and resisting arrest in violation of R.C. 2921.33(A). He was sentenced to consecutive terms of six months in prison and two years' community control for assault, 90 days in prison for obstructing official business, and 90 days in prison for resisting arrest. Agnew has filed a timely appeal. Having carefully reviewed the record, we affirm the convictions for assault and resisting arrest, but we reverse the conviction for obstructing official business and enter a judgment of acquittal for that offense.
The following facts are undisputed. Agnew, a farmer, was driving his truck back to his farm in Virginia. The truck was loaded with corn that was falling onto the highway. After observing corn falling off the truck, Richard Noel, a commercial vehicle trooper for the state of Ohio, stopped Agnew. Agnew presented Noel with a Virginia driver's license and a vehicle registration. Agnew did not have a commercial driver's license, but he did have a valid standard license from Virginia. After noticing several violations on Agnew's truck, Noel asked Agnew to pull it off the highway to be weighed at a weigh station. Agnew complied. Once the load was weighed, Agnew went into the trooper's office.
Noel testified that he informed Agnew that he had found over 40 commercial truck violations, and, as a result, Noel filled out a Department of Transportation report. Noel testified that he entered information from Agnew's driver's license on the report, but was unable to fill in Agnew's social-security number because it did not appear on the license. It is undisputed that the inclusion of a social-security number on a Virginia license was optional. Noel asked Agnew for his social-security number, but Agnew refused to provide it.
According to Noel's testimony, after he had asked Agnew for his social-security number several times, Agnew became belligerent. Noel warned Agnew that if he failed to provide his social-security number, he would be arrested for failure to comply or obstructing justice. Noel further testified that, instead of providing a social-security number, Agnew jumped up with clenched fists and screamed at the trooper to take him to jail. Fearing for his safety and the safety of Virginia Bobbitt, a scalemaster, Noel attempted to handcuff Agnew. Noel testified that a struggle ensued while he was trying to handcuff Agnew, and that Agnew twisted Noel's arm, causing him to tear his rotator cuff. Bobbitt also testified that Agnew became belligerent and argumentative after refusing to give Noel his social-security number.
Agnew, however, testified that, while he refused to give Noel his social-security number, he was otherwise compliant with Noel. Agnew further testified that, for no apparent reason, Noel jumped up, threw cuffs around his hands, and slammed him into a window.
In the first assignment of error, Agnew asserts that insufficient evidence was presented to convict him of obstructing official business. Agnew argues that he was not legally required to give Noel his social-security number and that the court's reliance on State v. Hill[1]
was misplaced.
A claim of insufficient evidence is based on the argument that, with the evidence viewed in the light most favorable to the prosecution, there has been a failure of proof on at least one element of the offense.[2]
When a sufficiency-of-the-evidence claim is sustained, the defendant is entitled to discharge because the prosecution's case-in-chief has not been proved as a matter of law.[3] If we determine that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant.[4]
R.C. 2921.31(A) provides the following:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
 To prove the elements of obstructing official business, the state had to prove the following at trial: (1) Agnew engaged in an unprivileged act; (2) the act was done with purpose or intent to hamper or impede the performance of a public official; and (3) the act substantially hampered or impeded the official in the performance of the official duties.
In State v. Hill, the Fifth Appellate District held that the trial court had not erred in overruling a Crim.R. 29 motion for acquittal. In evaluating whether the evidence was sufficient to support a conviction for obstructing official business, the court concluded that the defendant's refusal to give an officer his social-security number "severely impeded" the officer in completing a speeding citation, because the record demonstrated that the officer was unable to determine the nature of the offense without the information.
In this case, we conclude that the evidence was insufficient to demonstrate the elements of obstructing official business. First, the state has not identified, and we know of, no law that requires a person to provide his or her social-security number when the law of the state issuing a driver's license does not mandate the inclusion of a social-security number. Also, the state failed to establish below that Agnew's purpose was to prevent, obstruct, or delay the completion of the Department of Transportation form. Finally, unlike State v. Hill, no evidence was presented demonstrating that Agnew's failure to give the social-security number severely impeded Noel while he was completing the form. Noel testified on cross-examination that he had requested information from Virginia based on Agnew's driver's license, and that the only reason he needed the social-security number was to complete the Department of Transportation form. According to Noel, he could have filled out the form with the information coming from Virginia. Thus, Agnew's refusal to give the officer his social-security number after providing the officer with a valid state driver's license was insufficient to support a finding of obstruction of official business. As a result, we sustain the first assignment of error.
In the second assignment of error, Agnew challenges the weight and sufficiency of the evidence. Given our disposition of the first assignment of error, we limit our discussion of this assignment to the charges of resisting arrest and assault.
In reviewing a manifest-weight claim, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and decide whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5] The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.[6]
While Agnew provides no reasons to support his argument that the convictions for assault and resisting arrest were against the weight and sufficiency of the evidence, we have nevertheless reviewed the record and found no demonstrable errors. The testimony of Noel and Bobbitt provided sufficient evidence to support the jury's guilty verdicts for assault and resisting arrest. Further, despite Agnew's conflicting account of the altercation with Noel, we cannot say that the jury lost its way in finding Agnew guilty or that the jury improperly weighed the evidence.[7]
Accordingly, we overrule the second assignment of error.
In sum, the judgment, to the extent that it convicted Agnew of obstructing official business, is reversed, and a final judgment of acquittal is entered for that offense. In all other respects, the judgment of the trial court is affirmed.
Judgment affirmed in part and reversed in part, with entry of finaljudgment.
Winkler, J., concurs.
[1] (Feb. 6, 1992), 5th District No. CA-993.
[2] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith, 80 Ohio St.3d 89,1997-Ohio-355, 684 N.E.2d 668.
[3] See State v. Thompkins, supra, at 386.
[4] See id. at 387.
[5] See id.
[6] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[7] See State v. Thompkins, supra, at 387.